cl.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN 13 PM 4: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-344 |
| OWEN ROBINSON | * | SECTION: "N" |

<u>SENTENCING MEMORANDUM</u>

On December 20, 2004, the government filed a Rule to Show Cause why Owen Robinson's supervised release should not be revoked in light of his new conviction. This memorandum is filed in support of his request that any federal sentence arising out of the revocation of his supervised release run concurrently with his 30 month state sentence imposed on November 18, 2004.

I.
**The Court has discretion to determine whether Mr. Robinson's Federal sentence should run concurrently with his 30 month state sentence.**

On November 18, 2004, in the 24th Judicial District Court of Louisiana, Mr. Robinson pled guilty to violating La. R.S. 14:45. He was subsequently sentenced to 30 months imprisonment. While it is uncontested that Mr. Robinson received a new conviction while he

1

___ Fee ___
___ Process ___
X /Dktd ____
✓ CtRmDep ____
___ Doc. No ____

was on supervised release, there is no statutory language mandating that he serve a consecutive term of imprisonment as a result of the revocation of supervised release. 18 U.S.C. § 3583(e)(3) provides that, "the court may, after considering the factors set forth in § 3553 (a)(1), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(7) - revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release." The court is given broad discretion in determining the term of imprisonment that the defendant will serve as a result of the revocation of his supervised release. Additionally, the statutory language of 18 U.S.C. § 3583(e) does not require the court, after revoking a defendant's supervised release, to impose a consecutive federal sentence when the defendant is currently serving a state sentence for the offense that gave rise to the supervised release revocation, as is the case here.

The United States Sentencing Guidelines provide that district courts, after revoking a defendant's supervised release, are not required to impose a consecutive federal sentence when the defendant is currently serving a state sentence. U.S.S.G. §5G1.3(c) specifically states that, "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense **may** be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to **achieve a reasonable punishment** for the instant offense."

2

(Emphasis added.) Comment 3 (C) to U.S.S.G. §5G1.3(c) provides that Subsection (c) applies in cases in which the defendant was on federal supervised release at the time of the state offense and has had such supervised release revoked as a result of the state offense. Thus, under U.S.S.G. §5G1.3(c) courts are given the discretion to impose a concurrent sentence to achieve a reasonable punishment.

The position taken by the sentencing guidelines represents a departure from the United States Fifth Circuit Court of Appeals jurisprudence with respect to a district court's discretion to impose a concurrent sentence. Prior to November 1, 2003 the Fifth Circuit had held that, "if the defendant committed the offense while on probation and his probation has been revoked, the sentence should be imposed consecutively." **United States v. Alexander**, 100 F.3d 24, 27 (5th Cir. 1996). The holding in **Alexander** was in agreement with the holdings of the First, Eighth and Ninth Circuits, but was contrary to the holdings of the Second, Third, and Tenth Circuits, which held that it was within the district courts discretion to impose a concurrent sentence. **United States v. Huff**, 370 F.3d 454, 464 (2004). However, on November 1, 2003 the Sentencing commission adopted amendment 660, which followed the discretionary concurrent holdings of the Second, Third and Tenth Circuits and adopted Comment 3 (C). **Id.** at 464-65. Thus, amendment 660, "is directly inconsistent with the law clearly established in

3

this circuit by **Alexander**," and district courts now have the discretion under the sentencing guidelines to determine whether the sentence should be concurrent.  **Id.** at 467.

## II.
**In the instant case, any federal sentence arising out of the revocation of Mr. Robinson's supervised release should be run concurrently with his state sentence to achieve a reasonable punishment.**

After Mr. Robinson pled guilty, the State of Louisiana filed a Multiple Bill charging Mr. Robinson as a Second Offender based on his federal conviction. Mr. Robinson then stipulated that he had a prior conviction arising out of his guilty plea in the instant case to violations of 18 U.S.C. § 922(g)(1).  The state court then vacated his original sentence and sentenced him pursuant to La. R.S. § 529.1 (2004) as a multiple offender.  Because of the multiple bill, the State Court was required to imposed not only a more severe sentence, but Mr. Robinson is not eligible for good time.  In sum, Mr. Robinson will serve his 30 month sentence day for day.

This court should impose a concurrent sentence in the instant case because Mr. Robinson's federal conviction was taken into account by the state court in imposing its sentence.  If the federal court imposes a sentence to run consecutively with the state sentence the court will effectively be punishing Mr. Robinson again for the same conduct, because the state court adjusted its

4

sentence on the basis of his prior federal conviction.

More importantly, when the state court imposed the 30 month sentence it intended that the state sentence run concurrently with Mr. Robinson's federal sentence, and so stated in its judgment. Therefore, a concurrent sentence would be a reasonable punishment because Mr. Robinson's state sentence was already increased on the basis of his federal guilty plea and the State court's intention that his sentences run concurrently.

## Conclusion

In sum the law has changed and now vests the Federal Courts with the discretion to impose a federal sentence consistent with the state courts intention that the state and federal sentences run concurrently. Thus, for the above mentioned reasons, Mr. Robinson respectfully requests that any federal sentence arising out of the revocation of his supervised release run concurrently with the 30 month state sentence that he is currently serving.

Respectfully submitted this 3rd day of January, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

_____
VIRGINIA LAUGHLIN SCHLUETER
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
LSBA No. 11587

5

**Certificate of Service**

I hereby certify that a copy of the foregoing Sentencing Memorandum has been served on Matthew M. Coman, Assistant United States Attorney, and Michael Fulham, United States Probation Officer, 500 Poydras Street, Hale Boggs Federal Building, New Orleans, Louisiana 70130 by hand-delivering same this 13th day of January, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

_____
VIRGINIA LAUGHLIN SCHLUETER
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
LSBA No. 11587