FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN 19  AM 10: 39

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-344 |
| v. | * | SECTION: "N" |
| OWEN ROBINSON | * | |

\* \* \*

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S SENTENCING MEMORANDUM

**NOW INTO COURT** comes the United States of America, appearing herein by and through the undersigned Assistant United States Attorney, who respectfully represents as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

On December 5, 2000, the defendant, Owen Robinson ("Robinson"), pled guilty to violating Title 18, United States Code, Section 922(g)(1) in the above-captioned case number and division. On March 14, 2001, the defendant was sentenced to serve 21 months imprisonment and three (3) years of supervised release following the completion of his term of imprisonment.

Robinson violated the terms and conditions of his supervised release by being convicted of simple kidnaping in the 24th Judicial District Court in Gretna, Louisiana on November 18, 2004, under case number 04-1858. This conviction stemmed from Robinson's actions when he personally dealt with an undercover Kenner Police Department Narcotics Detective. During that

__ Fee_____
__ Process___
_X_ Dktd_____
__ CtRmDep__
__ Doc. No.___

meeting which focused on a prospective narcotics transaction, Robinson kidnaped the detective before being arrested by officers. In turn, the defendant received a 30 month sentence to be served in the Louisiana Department of Corrections. Robinson has now asked the Court, upon his likely revocation, to sentence him to a term of imprisonment to be run **concurrently** with that of his state sentence for kidnaping (LA-RS 14:45).

## LAW AND ARGUMENT

A sentence of imprisonment imposed upon revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," including a sentence for the conduct that formed the basis for the revocation. See United States Sentencing Guidelines §7B1.3(f) & comment. (n.4). In his sentencing memorandum, Robinson has misread §5G1.3(c). That section applies to the reverse of the instant scenario. Application Note 3(C) to §5G1.3(c) explains that Subsection (c) applies in cases in which the defendant was under supervision at the time "of the instant offense." Here, the instant offense is not the kidnaping but the revocation. Even if subsection (c) applied to the instant matter, it suggests that courts run the new sentence **consecutively** to the undischarged term of imprisonment and the application note even refers back to §7B1.3(f). Therefore, the sentencing commission suggests that Robinson's sentencing be run **consecutively**.[1]

## CONCLUSION

The policy statements contained in Chapter 7 are not binding but they do suggest that the Court run Robinson's sentence consecutively to his state sentence. Robinson even admits in his

---

[1] Robinson is incorrect in his assertion that he will not receive "good time" for his state sentence. It is the Government's understanding that Robinson's sentence is without the benefit of probation, parole or suspension of sentence.

2

own brief that the Court has the authority to order his sentence to be run consecutively. Robinson should not be provided a benefit when he has shown his inability to live a law-abiding life. Robinson is a danger to this community and he should be given the maximum sentence allowed by law.

                          Respectfully submitted,

                          JIM LETTEN
                          UNITED STATES ATTORNEY

                          MATTHEW M. COMAN
                          Assistant United States Attorney
                          Bar Roll No. 23613
                          Hale Boggs Federal Building
                          500 Poydras Street, Second Floor
                          New Orleans, Louisiana 70130
                          Telephone: (504) 680-3116

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this _____ day of _____ 20___.

_____
Assistant United States Attorney