

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-344 |
| OWEN ROBINSON | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, OWEN ROBINSON, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL ON THE JANUARY 20, 2005, FOR A HEARING ON THE GOVERNMENT'S RULE TO REVOKE SUPERVISED RELEASE. AFTER THE DEFNEDANT ENTERED A GUILTY PLEA TO A CHARGE OF BEING A FELON IN POSSESSION OF A FIREARM, THE HONORABLE EDITH BROWN CLEMENT, ON MARCH 14, 2001, SENTENCED HIM TO TWENTY-ONE (21) MONTHS IMPRISONMENT FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE. A SPECIAL ASSESSMENT OF $100 WAS IMPOSED. A FINE OF $3,000, FOR WHICH PAYMENT WAS TO COMMENCE WHILE THE DEFENDANT WAS INCARCERATED, AND CONTINUE AT THE RATE OF $500.00 PER MONTH UPON THE DEFENDANT'S RELEASE FROM PRISON, ALSO WAS IMPOSED. THE REQUIRED MONTHLY PAYMENT FOR THE FINE WAS REDUCED TO $30 PER MONTH ON FEBRUARY 17, 2004.

DATE OF ENTRY
JAN 2 1 2005

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

FOR THE DURATION OF HIS SUPERVISED RELEASE, THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS WERE IMPOSED: (A) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION; (B) THAT THE DEFENDANT NOT INCUR NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS HE IS IN COMPLIANCE WITH THE INSTALLMENT PAYMENT SCHEDULE; (C) THAT THE DEFENDANT PARTICIPATE IN AN ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER; (D) THAT THE DEFENDANT PAY ANY FINE THAT IS IMPOSED BY THIS JUDGMENT THAT REMAINED UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE; (E) THAT THE DEFENDANT OBTAIN A GED WHILE INCARCERATED; AND (F) THAT THE DEFENDANT NOT POSSESS A FIREARM.

ON SEPTEMBER 4, 2002, THE CONDITIONS OF THE DEFENDANT'S SUPERVISED RELEASE WERE AMENDED TO ADD THE CONDITION THAT HE PARTICIPATE IN A PROGRAM OF TESTING AND/OR TREATMENT FOR DRUG ABUSE AS DIRECTED BY THE PROBATION OFFICER, AND CONTRIBUTE TO THE COST OF THAT TREATMENT TO THE EXTENT DEEMED CAPABLE BY THE PROBATION OFFICER. THE DEFENDANT'S TERM OF SUPERVISED RELEASE COMMENCED ON JUNE 23, 2002.

THE COURT FINDS THAT THE DEFENDANT, OWEN MERLE ROBINSON, HAS VIOLATED THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE BY:

(1) COMMITTING ANOTHER FEDERAL, STATE, OR LOCAL CRIME IN THAT HE PLED GUILTY TO, AND WAS CONVICTED OF, SIMPLE KIDNAPING IN THE 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, IN GRETNA, LOUISIANA, ON NOVEMBER 18, 2004, UNDER CASE NUMBER 04-1858; (2) PAYING ONLY $215.00 OF HIS COURT-ORDERED FINE OF $3,000.00; (3) FAILING TO REPORT FOR A LIFE SKILLS SEMINAR ON PROBLEM SOLVING ON NOVEMBER 10, 2002; (4) FAILING TO REPORT TO THE METHODIST COUNSELING CENTER ON JANUARY 21, 2003, AND MAY 12, 2003, FOR UNSCHEDULED URINE TESTS; (5) FAILING TO REPORT TO FAMILY SERVICES ON MARCH 21, 2003, FOR A SCHEDULED GROUP MEETING; AND (6) FAILING TO REPORT TO THE UNITED STATES PROBATION OFFICE FOR AN UNSCHEDULED URINALYSIS ON MARCH 2, 2004.

      HAVING CONSIDERED THE RELEVANT STATUTES AND CASE LAW, AS WELL AS THE ADVISORY PROVISIONS OF THE UNITED STATES SENTENCING GUIDELINES, AND THE CHAPTER 7 POLICY STATEMENTS OF THE UNITED STATES SENTENCING COMMISSION, THE COURT FINDS REVOCATION AND IMPRISONMENT TO BE APPROPRIATE UNDER THE DISCRETIONARY AUTHORIZATION PROVIDED BY 18 U.S.C. §3583(E)(3). PURSUANT TO THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. ACCORDING TO POLICY STATEMENT §7B1.1(B), WHEN THERE IS MORE THAN ONE VIOLATION OF THE CONDITIONS OF SUPERVISION, THE GRADE OF THE SUPERVISED RELEASE VIOLATION IS DETERMINED BY THE VIOLATION HAVING THE MOST

SERIOUS GRADE. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "III" AND THE SUPERVISED RELEASE VIOLATION IS A "GRADE B" VIOLATION. USING A "GRADE B" VIOLATION AND A CRIMINAL HISTORY CATEGORY OF "III", THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 8-14 MONTHS.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISIONS IN *UNITED STATES. V. BOOKER AND UNITED STATES V. FANFAN*, ISSUED ON JANUARY 12, 2005, IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON MARCH 14, 2001, IS REVOKED, AND THAT THE DEFENDANT, OWEN MERLE ROBINSON, IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF 14 MONTHS. THE COURT HAS CHOSEN TO IMPOSE THE MAXIMUM TIME PROVIDED BY THE APPLICABLE IMPRISONMENT RANGE BECAUSE THE DEFENDANT HAS ADMITTEDLY BEEN INVOLVED IN CRIMINAL CONDUCT WHILE ON SUPERVISED RELEASE, IN ADDITION TO FAILING TO SATISFY OTHER CONDITIONS OF HIS SUPERVISED RELEASE.

THE COURT NOTES THAT THE DEFENDANT HAS BEEN ORDERED TO SERVE, AND PRESENTLY IS SERVING, A THIRTY (30) MONTH TERM OF IMPRISONMENT BY A LOUISIANA STATE COURT AS A RESULT OF HIS CONVICTION FOR A VIOLATION OF LA. R.S. 14:45. ACCORDINGLY, THE COURT MUST DECIDE WHETHER THE PRISON SENTENCE IMPOSED BY IT SHALL RUN CONCURRENTLY OR CONSECUTIVELY IN RELATION TO THE STATE COURT SENTENCE. THE COURT IS NOT AWARE OF, AND HAS NOT BEEN CITED TO, A STATUTE REQUIRING A

SERIOUS GRADE. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "III" AND THE SUPERVISED RELEASE VIOLATION IS A "GRADE B" VIOLATION. USING A "GRADE B" VIOLATION AND A CRIMINAL HISTORY CATEGORY OF "III", THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 8-14 MONTHS.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISIONS IN *UNITED STATES. V. BOOKER AND UNITED STATES V. FANFAN*, ISSUED ON JANUARY 12, 2005, IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON MARCH 14, 2001, IS REVOKED, AND THAT THE DEFENDANT, OWEN MERLE ROBINSON, IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF 14 MONTHS. THE COURT HAS CHOSEN TO IMPOSE THE MAXIMUM TIME PROVIDED BY THE APPLICABLE IMPRISONMENT RANGE BECAUSE THE DEFENDANT HAS ADMITTEDLY BEEN INVOLVED IN CRIMINAL CONDUCT WHILE ON SUPERVISED RELEASE, IN ADDITION TO FAILING TO SATISFY OTHER CONDITIONS OF HIS SUPERVISED RELEASE.

THE COURT NOTES THAT THE DEFENDANT HAS BEEN ORDERED TO SERVE, AND PRESENTLY IS SERVING, A THIRTY (30) MONTH TERM OF IMPRISONMENT BY A LOUISIANA STATE COURT AS A RESULT OF HIS CONVICTION FOR A VIOLATION OF LA. R.S. 14:45. ACCORDINGLY, THE COURT MUST DECIDE WHETHER THE PRISON SENTENCE IMPOSED BY IT SHALL RUN CONCURRENTLY OR CONSECUTIVELY IN RELATION TO THE STATE COURT SENTENCE. THE COURT IS NOT AWARE OF, AND HAS NOT BEEN CITED TO, A STATUTE REQUIRING A

CONSECUTIVE SENTENCE. THE COURT RECOGNIZES THAT POLICY STATEMENT §7B1.3(F) OF THE UNITED STATES SENTENCING GUIDELINES MANUAL, AND APPLICATION NOTE 4 THERETO, STATE THAT ANY TERM OF IMPRISONMENT IMPOSED UPON REVOCATION OF SUPERVISED RELEASE SHALL RUN CONSECUTIVELY TO ANY SENTENCE OF IMPRISONMENT PRESENTLY BEING SERVED. SECTION 7B1.3(F), HOWEVER, IS ONLY A POLICY STATEMENT, NOT A GUIDELINE, AND IS NOT BINDING UPON THE COURT.

IN ADDITION TO POLICY STATEMENT §7B1.3(F), THE COURT HAS CONSIDERED THE FACTORS SET FORTH IN 18 U.S.C. §3553(A), IN ACCORDANCE WITH 18 U.S.C. §3584. THE COURT ACKNOWLEDGES THAT THE DEFENDANT'S THIRTY-MONTH STATE COURT SENTENCE WAS IMPOSED PURSUANT TO LOUISIANA'S MULTIPLE OFFENDER STATUTE, LA. R.S. 15:529.1, AND THAT THE DEFENDANT WAS CHARGED AS A SECOND OFFENDER PURSUANT TO THAT STATUTE, BECAUSE OF HIS PRIOR CONVICTION IN THIS COURT AS A FELON IN POSSESSION OF A FIREARM IN VIOLATION OF 18 U.S.C. §922(G)(1). THE TERM OF SUPERVISED RELEASE THAT IS THE SUBJECT OF THE PRESENT RULE TO REVOKE SUPERVISED RELEASE LIKEWISE RESULTED FROM THE FELON IN POSSESSION OF A FIREARM CONVICTION.

THE COURT FURTHER UNDERSTANDS THAT, BECAUSE THE DEFENDANT WAS SENTENCED IN STATE COURT PURSUANT TO LOUISIANA'S MULTIPLE OFFENDER STATUTE, THE SENTENCE IS WITHOUT BENEFIT OF PROBATION OR SUSPENSION. FOR THE SAME REASON, PURSUANT TO LA. R.S. 15:571.3(C)(2) THE DEFENDANT WILL NOT RECEIVE ANY "GOOD TIME CREDIT" TOWARD THAT

SENTENCE. THUS, THE DEFENDANT WILL BE REQUIRED TO SERVE THE ENTIRETY OF HIS THIRTY MONTH SENTENCE IMPOSED BY THE STATE COURT. IN ADDITION, THE COURT ACKNOWLEDGES THAT THE SENTENCING STATE COURT JUDGE INDICATED THAT THE STATE SENTENCE WAS TO RUN CONCURRENTLY WITH THE DEFENDANT'S FEDERAL SENTENCE. *SEE* JUDGMENT ENTERED ON NOVEMBER 18, 2004, IN *STATE V. ROBINSON*, CASE NUMBER 04-1858, PARISH OF JEFFERSON, STATE OF LOUISIANA.

THE COURT ALSO HAS HEARD TESTIMONY FROM THE DEFENDANT'S FORMER EMPLOYER, MR. RONALD CATALONOTTO OF CITY WHOLESALE LIQUOR COMPANY, REGARDING THE DEFENDANT'S JOB PERFORMANCE, TRUSTWORTHINESS, RELIABILITY, AND SUCCESS IN HANDLING THE INCREASED RESPONSIBILITIES THAT HAVE BEEN GIVEN TO HIM. SIGNIFICANTLY, MR. CATALONOTTO ALSO HAS INDICATED A WILLINGNESS TO ALLOW THE DEFENDANT TO RETURN TO WORK AT CITY WHOLESALE LIQUOR UPON HIS RELEASE FROM PRISON.

THE COURT HAS HEARD AND CONSIDERED TESTIMONY AND ARGUMENT REGARDING THE CONDUCT CONSTIUTING THE SIMPLE KIDNAPING OFFENSE FOR WHICH THE DEFENDANT WAS CONVICTED IN STATE COURT, AND UNDERSTANDS THAT THE DEFENDANT'S MULTIPLE OFFENDER STATUS PLAYED A PART IN HIS DECISION TO ENTER A PLEA OF GUILTY AND FOREGO TRIAL.

FINALLY, THE DEFENDANT'S PROBATION OFFICER HAS NOT RECOMMENDED A CONSECUTIVE SENTENCE. THE GOVERNMENT, HOWEVER, HAS

REGISTERED AN OBJECTION TO THE DEFENDANT'S REQUEST THAT HIS FEDERAL AND STATE PRISON TERMS RUN CONCURRENTLY.

HAVING TAKEN INTO ACCOUNT THESE COMPETING CONSIDERATIONS, THE COURT ORDERS THAT THE FOURTEEN (14) MONTH SENTENCE IMPOSED HEREIN SHALL RUN CONCURRENTLY TO THE DEFENDANT'S THIRTY-MONTH TERM OF IMPRISONMENT REFLECTED IN THE NOVEMBER 18, 2004 STATE COURT JUDGMENT. THE COURT FINDS THAT THE THIRTY-MONTH SENTENCE OF IMPRISONMENT IMPOSED BY THE STATE COURT WILL ADEQUATELY ADDRESS THE STATE LAW VIOLATION, AS WELL AS THE DEFENDANT'S VIOLATIONS OF THE CONDITIONS OF HIS SUPERVISED RELEASE. IN SO CONCLUDING, THE COURT EMPHASIZES THAT THE CRIMINAL CONDUCT ASSERTED AS A VIOLATION OF THE DEFENDANT'S CONDITIONS OF SUPERVISED RELEASE IS THE SAME CONDUCT FOR WHICH HE PRESENTLY IS SERVING A THIRTY-MONTH SENTENCE OF IMPRISONMENT THAT WAS IMPOSED PURSUANT TO LOUISIANA'S MULTIPLE OFFENDER STATUTE.

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF TWENTY-TWO (22) MONTHS. WITHIN 72 HOURS OF HIS RELEASE FROM THE CUSTODY, THE DEFENDANT SHALL REPORT TO THE UNITED STATES PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT POSSESS A FIREARM, AND SHALL COMPLY WITH THE MANDATORY CONDITIONS REQUIRED BY 18 U.S.C.

§3583 AND §5D1.3 OF THE UNITED STATES SENTENCING GUIDELINES, AS WELL AS THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS ARE IMPOSED: (1) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION; (2) THAT THE DEFENDANT NOT INCUR NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS HE IS IN COMPLIANCE WITH THE INSTALLMENT PAYMENT SCHEDULE; (3) THAT THE DEFENDANT PARTICIPATE IN AN ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER; (4) THAT THE DEFENDANT PARTICIPATE IN A PROGRAM OF TESTING AND/OR TREATMENT FOR DRUG ABUSE, AS DIRECTED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER; AND CONTRIBUTE TO THE COST OF SUCH TREATMENT TO THE EXTENT THAT THE DEFENDANT IS DEEMED CAPABLE BY THE PROBATION OFFICER; (5) THAT THE DEFENDANT PAY THE AMOUNT OF HIS $3,000 FINE THAT REMAINS UNPAID AT THE COMMENCEMENT OF THE TERM OF SUPERVISED RELEASE AT A RATE OF $30.00 PER MONTH; (6) THAT THE DEFENDANT MAKE GOOD FAITH EFFORTS TO OBTAIN A GED; AND (7) THAT THE DEFENDANT MAINTAIN FULL-TIME EMPLOYMENT WITH CITY WHOLESALE LIQUOR COMPANY OR ANOTHER EMPLOYER.

FAILURE TO COMPLY WITH ANY OF THE MANDATORY, STANDARD, OR SPECIAL CONDITIONS TO SUPERVISED RELEASE MAY RESULT IN REVOCATION OF SUPERVISED RELEASE.

PURSUANT TO 18 U.S.C. §3583(F), **IT IS FURTHER ORDERED** THAT THE PROBATION OFFICER PROVIDE THE DEFENDANT WITH A WRITTEN STATEMENT SETTING FORTH ALL OF THE CONDITIONS TO WHICH THE TERM OF SUPERVISED RELEASE IS SUBJECT.

IT IS THE COURT'S PREFERENCE AND RECOMMENDATION TO THE BUREAU OF PRISONS THAT, THE DEFENDANT BE PLACED AT A BUREAU OF PRISONS FACILITY, IF POSSIBLE, RATHER THAN A LOUISIANA STATE OR PARISH FACILITY, DURING THE TIME OF HIS INCARCERATION.

THE COURT FINALLY ORDERED THAT OWEN MERLE ROBINSONS BE REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHALL.

NEW ORLEANS, LOUISIANA, THIS 20th DAY OF JANUARY 2005.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE